# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

JEFFREY RYAN SIMMERMAKER,

    Plaintiff,

vs.

CEDAR COUNTY SHERIFF'S DEPARTMENT, et al.,

    Defendants.

No. C18-0049-LTS

**MEMORANDUM OPINION AND ORDER**

## I. INTRODUCTION

This matter is before me on plaintiff Jeffrey Ryan Simmermaker's motion (Doc. 101) under Federal Rule of Civil Procedure 60(b) for relief from my prior order (Doc. 78) dismissing his § 1983 action. His motion raises two issues: (1) the order relied on fraudulent information in a search warrant application; and (2) the order incorrectly concluded that *Heck* bars consideration of the allegedly invalid search warrant. Oral argument is not necessary. *See* Local Rule 7(c).

## II. PROCEDURAL HISTORY

Simmermaker filed his § 1983 action on May 1, 2018. *See* Doc. 1. His complaint alleged excessive force and strip search claims. Doc. 78 at 2. On August 4, 2020, I granted the defendants' motions for summary judgment and dismissed this case. *Id.* at 26. Simmermaker then filed a motion to reconsider (Doc. 80), which I denied. Doc. 82. Simmermaker appealed to the Eighth Circuit Court of Appeals, which affirmed the dismissal and denied Simmermaker's request for rehearing. Docs. 94, 99. Simmermaker

filed his Rule 60(b) motion (Doc. 101) for correction of the order that dismissed his complaint on September 16, 2021.[1]

### III.   RELEVANT FACTS

Simmermaker's § 1983 claim arose from a warrant and search of his mother's house, in which he was also residing. Doc. 78 at 3-9. Simmermaker was charged with conspiracy to distribute methamphetamine based on evidence found during the search and other evidence and he ultimately pleaded guilty. *Id.* at 9. The search warrant was supported by statements from a confidential informant (CI) alleging that Simmermaker was involved with drug trafficking and manufacturing and intended to rob a bank. *Id.* at 4-5. Two of the defendants in the § 1983 case included the CI's statements and information from Bryan Simmermaker that corroborated the CI's information in their search warrant application. *Id.* at 5.

In resisting the motion for summary judgment, Simmermaker claimed that the CI's statements were false and uncorroborated. *Id.* However, even accepting as true his claim that the CI's information was false, I ruled that "using the Tactical Team to execute the search warrant was nonetheless reasonable and did not violate a clearly established right." *Id.* at 16. I also reiterated my ruling from an earlier order dismissing Simmermaker's claim that the search warrant was invalid "because it implies the invalidity of Simmermaker's conviction and is barred by *Heck*." *Id.* at 13 n.3; *see* Doc. 13 at 6.

Simmermaker now challenges both those rulings pursuant to Rule 60(b); the first as fraud in violation of Rule 60(b)(3), the second as a mistake in violation of Rule 60(b)(1), and generally in violation of the catchall provision in Rule 60(b)(6). Doc. 101 at 1-3.

---

[1] The motion is dated September 11, 2021, and postmarked September 13, 2021.

2

Case 1:18-cv-00049-LTS-KEM   Document 106   Filed 06/14/22   Page 2 of 5

## IV.  APPLICABLE STANDARDS

Simmermaker moves to set aside the judgment based on Federal Rule of Civil Procedure 60(b). This rule provides:

> (b) **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> 
> >  (1) mistake, inadvertence, surprise, or excusable neglect;
> >  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> >  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> >  (4) the judgment is void;
> >  (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> >  (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Subsection (c) limits motions made pursuant to grounds (1)-(3) to "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Furthermore, all Rule 60(b) motions "must be made within a reasonable time." *Id.* Simmermaker relies on subsections (1), (3) and (6) to argue the judgment should be set aside.

"Rule 60(b) provides extraordinary relief in exceptional circumstances." *Sellers v. Mineta*, 350 F.3d 706, 716 (8th Cir. 2003). It is "not intended as a substitute for a direct appeal from an erroneous judgment." *Spinar v. South Dakota Bd. of Regents*, 796 F.2d 1060, 1062 (8th Cir. 1986) (cleaned up). The Eighth Circuit has strictly upheld the one-year limitation on motions brought under Rule 60(b)(1)-(3), including when a Rule 60(b)(6) motion is substantively the same as a (b)(1)-(3) motion. *Middleton v. McDonald*, 388 F.3d 614, 616-17 (8th Cir. 2004). Simply labeling a motion as a Rule 60(b)(6) motion, when it is actually alleging any of the circumstances covered by (b)(1)-(3), cannot

3

avoid the 1-year limitation. *Id.* This strict one-year time period runs from the date a court enters the judgment the movant is attempting to reopen. *Kennedy Bldg. Associates v. CBS Corp.*, 576 U.S. 872, 879-80 (8th Cir. 2009). For example, the Eighth Circuit has considered the date a district court set a bond amount as the date of judgment entry for purposes of Rule 60(b) because "no further action was contemplated by the district court." *Id.* at 879 n.2. Further, "[i]t is well established that the pendency of an appeal does not toll the one-year maximum period for filing motions under Rule 60(b)(1)-(3)." *Rosas v. United States*, No. C 07–4097–MWB, 2011 WL 4015590, at *3 (N.D. Iowa Sept. 9, 2011) (reiterating that the judgment entry date for Rule 60(b) was when the district court entered judgment, not almost one year later when the Eighth Circuit dismissed the movant's appeal).

The Supreme Court recently clarified which claims are governed by Rule 60(b)(1). *Kemp v. United States*, No. 21-5726, --- S. Ct. ---, 2022 WL 2111354 (June 13, 2022). The Court concluded, "based on the text, structure, and history of Rule 60(b), that a judge's errors of law are indeed mistakes under Rule 60(b)(1)." *Id.* at *3 (cleaned up). Further, "Rule 60(b)(1) covers all mistakes of law made by a judge." *Id.* at *4.

## V. ANALYSIS

Simmermaker claims the judgment against him is invalid because of fraud and mistake. First, he repeats his argument that Bryan Simmermaker's corroboration of CI information "was fraud upon the Court." Doc. 101 at 2; *see* Doc. 68 at 8-10 (Simmermaker's previous argument that Bryan Simmermaker's affidavit was hearsay and unreliable). Second, he argues that I made a mistake by not considering a *Heck* exception when I ruled that his search warrant invalidity claim is barred by *Heck*. Doc. 101 at 2-9; Doc. 78 at 13 n.3; Doc. 13 at 6 (ruling dismissing said claim).

Both of Simmermaker's Rule 60(b) arguments fall within the scope of either (b)(1) or (3) as judicial mistake of law or fraud. *See Kemp*, 2022 WL 2111354, at *3. As

4

such, they are time-barred by Rule 60(c)(1), as the judgment was filed August 8, 2020 (Doc. 79) but Simmermaker did not file his motion (Doc. 101) until (at the earliest) September 16, 2021. All of his arguments ostensibly brought pursuant to Rule 60(b)(1) and (3) are untimely and must be denied.

Simmermaker also cites to the catchall provision in Rule 60(b)(6). Doc. 101 at 1. However, he makes no argument that is not within the purview of (b)(1) and (3). *Id.* at 2-9. Instead, under a heading of "Rule 60(b)(1)(6)," he reiterates his argument that I failed to consider exceptions to *Heck* when I found that his § 1983 search warrant claims were barred by *Heck*. *Id.* Because Simmermaker is alleging a judicial mistake of law, *Kemp* directs me to consider his argument pursuant to Rule 60(b)(1), not under the Rule 60(b)(6) catchall provision. Regardless of the labels Simmermaker chose to use, he waited too long to file his Rule 60(b) motion.

Because Simmermaker's motion is untimely, I need not address its merits. I note, however, that it raises no new arguments that would dictate a different outcome this time. As far as this court is concerned, the judgment is final and this case is over.

## VI. CONCLUSION

For the reasons set forth herein, plaintiff Jeffrey Ryan Simmermaker's Rule 60(b) motion (Doc. 101) is **denied**.

**IT IS SO ORDERED.**
**DATED** this 14th day of June, 2022.

_____
Leonard T. Strand, Chief Judge